OSBORNE et al., Appellees,

v.

CITY OF MENTOR, Appellant.

[Cite as *Osborne v. Mentor* (1999), 133 Ohio App.3d 22.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 97–L–301.

Decided April 2, 1999.

*Melvyn E. Resnick* and *Patrick J. Perotti,* for appellees.

*Eli Manos, Michael T. Gavin* and *Anthony J. Coyne; James Hackenberg,* Mentor Law Director; *Todd M. Raskin* and *John T. McLandrich,* for appellant.

NADER, Judge.

Defendant-appellant, city of Mentor, appeals the judgment of the Lake County Court of Common Pleas declaring Ordinance No. 97–0–92 unconstitutional and granting the permanent injunction requested by plaintiffs-appellees, Richard M. Osborne et al. The injuction enjoins the city of Mentor from enforcing Ordinance No. 97–0–92.

Appellees, Richard Osborne and Heisley–Hopkins, Inc., own property in an area known colloquially as the "White Triangle," which contains approximately seventy acres of wooded land located in the Mentor Lagoons. The Mentor Lagoons is part of a 1550-acre stretch of land from Fairport Harbor to Mentor-on–the–Lake, along the Lake Erie shoreline, in Lake County, Ohio, and includes five hundred thirty acres of coastal sand dunes, a marsh, and upland woods. Several varieties of rare and endangered plants grow in the Mentor Lagoons

area, including the Leafy Tussock Sedge, which has been designated by the Ohio Department of Natural Resources as an endangered species. The Mentor Planning Commission and city council approved a plan to acquire the entire five hundred thirty acres constituting the Mentor Lagoons and set aside the marsh and upland wooded area in the White Triangle as nature preserves. Although the city of Mentor had stated its intent to acquire appellees' property, it had not yet initiated an eminent domain proceeding.

In July 1997, Osborne applied to the Building and Engineering Department for a permit to construct a 3,000-square-foot house on a parcel that he owns in the White Triangle. While Osborne's building permit application was pending, the city council passed Ordinance No. 97-0-92, the preamble of which reads:

"WHEREAS, the lands within the 'White Triangle' are located along or near the shoreline of Lake Erie and in proximity or adjacent to park lands acquired by the City, which lands provide a habitat for various species of endangered or threatened plants and animals, and upon which there is unique vegetation; and

"WHEREAS, the said lands have been designated for acquisition by the City to serve as park lands and for the protection and preservation of the natural habitat of vegetation and animals and for preservation of the beaches and shoreline for the benefit of all residents of the City of Mentor; and

"WHEREAS, it is in the public interest to advise the owners of the properties within the 'White Triangle' of the imminence of the acquisition of said lands for public purposes and so as to avoid unproductive expenditures by the owners of said properties and to minimize the cost of the acquisition of said properties by the city."

The text of the ordinance provides:

"[N]o permits shall be issued for the construction, erection or alteration of any structure or for grading or tree removal for a period of one hundred eighty (180) days from the date an application for a permit is made, or subsequent to the filing of a petition by the City of Mentor for appropriation [of any property within the White Triangle] while said action is pending[.]"

When the city council passed this ordinance, the only White Triangle property owner to have filed an application for a building permit was Osborne. The city council had not yet passed a resolution of intent to appropriate any property in the White Triangle other than Osborne's property. The ordinance had the effect of freezing all applications for building permits for a period of one hundred eighty days and during the pendency of appropriation proceedings.

Appellees sued for declaratory judgment, requesting that Ordinance No. 97-0-92 be declared invalid and unconstitutional. Appellees also sought injunctive relief in order to enjoin the city from enforcing the ordinance and for compensa-

tory damages. Thereafter, the city of Mentor moved to dismiss for lack of subject-matter jurisdiction based on the failure of appellees to serve the Attorney General with a copy of the complaint. Both parties agree that on August 22, 1997, the trial court orally overruled appellant's motion to dismiss and proceeded to hear the case on the merits. On August 26, 1997, the trial court filed a judgment entry declaring Ordinance No. 97–0–92 unconstitutional and permanently enjoined the city of Mentor from enforcing the ordinance and from refusing to process or proceed on appellees' building permit application. The trial court also stated that appellees' claim for compensatory damages remained pending.

On September 2, 1997, the city of Mentor filed a notice of appeal, generating appellate case No. 97–L–229. This court dismissed that appeal on October 17, 1997, for lack of a final, appealable order. On remand, this matter was reassigned, from Judge Paul H. Mitrovich to Judge Ross D. Avellone, for a trial on appellees' claim for compensatory damages. Appellant then moved for a Civ.R. 12(C) judgment on the pleadings, arguing that appellees' claim for damages was barred by the doctrine of sovereign immunity. On November 26, 1997, Judge Avellone reiterated Judge Mitrovich's holding that Ordinance No. 97–0–92 is unconstitutional and again permanently enjoined the city of Mentor from enforcing it. Judge Avellone overruled appellant's motion for judgment on the pleadings because he reasoned that the determination that Ordinance No. 97–0–92 is unconstitutional barred the defense of sovereign immunity. He also indicated that the damages claim was still pending, but, unlike the trial court's first judgment entry, this entry incorporated Civ.R. 54(B) language, thereby making it a final appealable order.

The city of Mentor appeals the November 26 judgment entry and makes the following assignments of error:

"[1] The trial court erred in overruling appellant's motion to dismiss for lack of subject matter jurisdiction in that the Attorney General was not served with a copy of the proceeding.

"[2] The trial court erred in declaring Ordinance No. 97–0–92, delaying the issuance of building permits on lands scheduled for acquisition for park purposes, unconstitutional and, by reason thereof, in rendering judgment for the plaintiffs and restraining the enforcement of the ordinance.

"[3] The trial court erred in overruling appellant's motion for partial judgment on the pleadings on the damage claim."

In its first assignment of error, appellant alleges that the trial court erred by overruling its motion filed August 19, 1997, to dismiss for lack of subject-matter jurisdiction, based on appellees' failure to serve the Attorney General with a copy

of the proceeding. Both parties agree that the trial court orally denied the motion before the trial commenced on August 22, 1997.

The Attorney General was not served with a copy of the complaint pursuant to Civ.R. 4. Appellees stated in their brief opposing the motion to dismiss that they sent a courtesy copy of the complaint to the Ohio Attorney General. A letter from the Attorney General, dated August 21, 1997, states:

"Having received and examined the Amended Complaint For Equitable Relief and Money Damages in the above case, the Attorney General has elected not to participate in the action at this time. However, pursuant to R.C. 2721.12, the Attorney General specifically reserves the right to be heard at a later point in the proceeding at her option."

This letter is time-stamped September 8, 1998 and is included in the file; however, no evidence exists in the record to show that the trial court considered this letter before denying appellant's motion to dismiss. Since the record does not include a transcript of the hearing in which appellant's motion to dismiss was reportedly denied and the trial court did not journalize its decision, we will assume that the motion was denied. *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 351, 8 OBR 458, 463, 457 N.E.2d 858, 863–864.

█ Appellant argues that the trial court did not have jurisdiction to declare Ordinance No. 97–0–92 unconstitutional because appellees did not serve a copy of the complaint on the Attorney General. Appellant's position is that R.C. 2721.12 requires that the Attorney General be served and that a trial court does not have jurisdiction over the proceeding until the Attorney General is served pursuant to Civ.R. 4. Appellees argue that they substantially complied with R.C. 2721.12, because the Attorney General received a copy of the amended complaint and responded by letter, stating that she did not elect to participate in the action, at that time.

█ R.C. 2721.12 provides that in any proceeding alleging a municipal ordinance to be unconstitutional, "the attorney general shall also be served with a copy of the proceeding and shall be heard." This requirement has repeatedly been held to be a mandatory jurisdictional requirement. *Asbury Apts. v. Dayton Bd. of Zoning Appeals* (1997), 77 Ohio St.3d 1229, 673 N.E.2d 1379; *Ohioans for Fair Representation, Inc. v. Taft* (1993), 67 Ohio St.3d 180, 183, 616 N.E.2d 905, 907–908, paragraph one of the syllabus; *Westlake v. Mascot Petroleum Co., Inc.* (1991), 61 Ohio St.3d 161, 163, 573 N.E.2d 1068, 1071; and *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 105–106, 6 O.O.3d 329, 330, 370 N.E.2d 457, 458–459. Although R.C. 2721.12 is a jurisdictional requirement, failure to comply with the statute does not deprive a court of subject-matter jurisdiction over the case. Instead, failing to serve a copy of the proceeding upon the Attorney General

deprives the court of jurisdiction to proceed to judgment. *Herrick v. Lindley* (June 15, 1978), Franklin App. No 77AP–894, unreported, 1978 WL 130259, reversed on other grounds (1979), 59 Ohio St.2d 22, 13 O.O.3d 13, 391 N.E.2d 729. Thus, a trial court is precluded from entering declaratory relief when the Attorney General is not served with a copy of the proceeding.

Courts have held that a party need not serve a copy of the complaint upon the Attorney General in order to comply with R.C. 2721.12. In *Ohioans for Fair Representation, Inc. v. Taft,* the Supreme Court of Ohio held, "For purposes of R.C. 2721.12, the Attorney General will be deemed to have been 'served with a copy of the proceeding' once he undertakes representation of a party to the action." *Id.,* paragraph two of the syllabus. The court reasoned that the intent of R.C. 2721.12 is to ensure that the Attorney General is informed of attacks on the constitutionality of the laws of this state, and it is obvious that the Attorney General knows about the constitutional question, once he enters the case. *Id.,* 67 Ohio St. 3d at 184, 616 N.E.2d at 908. Likewise, the requirements of R.C. 2721.12 have been deemed satisfied when the trial court had notice that the Attorney General had issued notice declining to participate in the action. *Ottawa Cty. Bd. of Commrs. v. Marblehead* (Apr. 17, 1998), Ottawa App. No. OT–97–031, 1998 WL 196322.

In the instant case, appellees did not serve a copy of the complaint upon the Attorney General, and we cannot find that the appellees substantially complied with the requirements of R.C. 2721.12. The above cases can be distinguished because the Attorney General did not enter this action, and there is no evidence in the record that the appellees presented the letter from the Attorney General to the trial court before it made the decision to deny appellant's motion to dismiss. No transcript of the hearing in which appellant's motion to dismiss was denied exists in the record, and the trial court did not journalize its decision stating its reasons for denying the motion. Although the file contains a copy of the letter from the Attorney General, the letter is time-stamped September 8, 1997, seventeen days after the trial court denied appellant's motion to dismiss. Appellees have not set forth any evidence demonstrating that the trial court relied on the letter from the Attorney General when making its decision to deny appellant's motion to dismiss. Thus, the trial court did not have jurisdiction to declare that Ordinance No. 97–0–92 was unconstitutional. Appellant's first assignment of error is well taken.

Because the trial court did not have jurisdiction to proceed in this case, appellant's second and third assignments of error are not appropriately before us at this time.

For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and WILLIAM M. O'NEILL, J., concur.