OPINION
Appellant, the City of Mentor, appeals from the judgment issued by the Lake County Court of Common Pleas.
The following facts are pertinent to this appeal. On December 2, 1997, the city of Mentor filed a notice of appeal from a November 26, 1997 judgment entry, which declared Mentor Ordinance No. 97-0-92[1]
unconstitutional and enjoined the city from enforcing it against appellees, Richard M. Osborne and Heisley Hopkins, Inc. On appeal, the city of Mentor alleged that the trial court had erred by overruling the city's motion to dismiss appellees' complaint for declaratory judgment, arguing that the trial court had no jurisdiction over the case because appellees had not served a copy of the proceeding on the Attorney General, as required by R.C. 2721.12.
In Osborne v. Mentor (1999), 133 Ohio App.3d 22, 726 N.E.2d 1027, we concluded that the trial court did not have jurisdiction to declare Ordinance No. 97-0-92 unconstitutional because service of the Attorney General in compliance with R.C. 2721.12 is a mandatory jurisdictional requirement. We reasoned that a trial court has jurisdiction to rule on the constitutionality of a municipal ordinance only when the party requesting declaratory relief substantially complies with R.C. 2721.12. Relying on cases from other Ohio appellate districts, we determined that the requirements of the statute can be deemed satisfied when the trial court has notice that the Attorney General has issued notice declining to participate in the action. We concluded that appellees did not substantially comply with R.C. 2721.12 because they did not demonstrate that the trial court had notice that the Attorney General did not wish to participate in the proceedings. We explained:
 "In the instant case, appellees did not serve a copy of the complaint upon the Attorney General, and we cannot find that the appellees substantially complied with the requirements of R.C. 2721.12. * * * [T]here is no evidence in the record that the appellees presented the letter from the Attorney General to the trial court before it made the decision to deny appellant's motion to dismiss. No transcript of the hearing in which appellant's motion to dismiss was denied exists in the record, and the trial court did not journalize its decision stating its reasons for denying the motion. Although the file contains a copy of the letter from the Attorney General, the letter is time-stamped September 8, 1997, seventeen days after the trial court denied appellant's motion to dismiss. Appellees have not set forth any evidence demonstrating that the trial court relied on the letter from the Attorney General when making its decision to deny appellant's motion to dismiss. Thus, the trial court did not have jurisdiction to declare that Ordinance No. 97-0-92 was unconstitutional."
Based on the above analysis, we reversed the judgment of the Lake County Court of Common Pleas and remanded the case to the trial court for further proceedings consistent with our opinion.
On June 16, 1999, appellees filed a motion pursuant to Civ.R. 60(A), requesting that the trial court issue a judgment entry nunc pro tunc to make the record reflect that the trial court had notice of the letter from the Attorney General when it decided to deny the city of Mentor's motion to dismiss. On October 1, 1999, the trial court granted appellees' motion. On November 9, 1999, the trial court issued a judgment entry nunc protunc stating:
 "The within cause came on for consideration * * * upon an oral hearing on Counts One and Two of Plaintiffs' Richard M. Osborne and Heisley Hopkins, Inc.'s Amended Complaint respectively seeking declaratory judgment and permanent injunction. At the outset, Defendant City of Mentor has moved to dismiss this claim on the basis that the Attorney General was not served with a copy of this lawsuit, so as to have and given the opportunity to participate or to notice this Court that the Attorney General was declining to participate. Mentor's position is not well taken and Mentor's Motion to Dismiss is denied on the basis that, at the hearing held on August 22, 1997, the Court received and reviewed Exhibit `A' attached, which is a specific notice from the Ohio Attorney General that she has received a copy of the Complaint in this matter, is aware of the scope of this matter, and has determined not to participate in this action. The letter (Exhibit `A') was not time-stamped at that time through oversight; but was in the hands of the Court and reviewed on August 22, 1997. It was subsequently time-stamped on September 8, 1997, when the oversight was discovered. Further, and regardless of the foregoing, the Court has been specifically advised by the Attorney General that she declines to participate in this action, and the Court as of and for the present date, therefore has jurisdiction to proceed regarding the within matter. Therefore, on the basis of Exhibit `A', the Defendant's Motion to Dismiss is denied.
* * *
 "* * * [T]his court finds in favor of Plaintiffs Richard M. Osborne and Heisley Hopkins, Inc.'s as to the Count One of the Amended Complaint as Ordinance No. 97-0-92 passed by Defendant City of Mentor is unlawful and invalid as it is unconstitutional.
 "It is further the order of this Court that Count Two of Plaintiffs' Amended Complaint for a permanent injunction be and hereby is granted. Defendant City of Mentor is permanently enjoined from enforcing Ordinance No. 97-0-92 and refusing to process or proceed on plaintiffs' application for building permits."
From this judgment, the city of Mentor assigns the following errors:
 "[1.] The lower court erred in issuing its order of November 9, 1999, nunc pro tunc, incorporating into the entry of August 22, 1997, under the guise of correcting a clerical error, new subject matter relating to ruling on Mentor's motion to dismiss and adding factual data not included in the record on the antecedent appeal to this court.
 "[2.] The lower court erred in denying defendant's motion to dismiss by reason of plaintiff's neglect in not serving the Attorney General with a copy of the proceeding.
 "[3.] The trial court erred in declaring Ordinance No. 97-0-92, delaying the issuance of building permits on lands scheduled for acquisition for park purposes, unconstitutional and, by reason thereof, in rendering judgment for plaintiffs and restraining enforcement of the ordinance.
 "[4.] The lower court erred in overruling appellant's motion for partial judgment on the pleadings on the damage claim."
Because appellant's second assignment of error is dispositive of this appeal, we will address it first. Appellant alleges that the trial court erred by denying its motion to dismiss appellees' complaint for declaratory judgment on the grounds that they did not serve the Attorney General with a copy of the proceeding, as required by R.C. 2721.12.
We previously addressed this issue in Osborne v. Mentor (1999),133 Ohio App.3d 22, 726 N.E.2d 1027, in which we held that the trial court erred by denying appellant's motion to dismiss because appellees did not substantially comply with R.C. 2721.12. Since the time that our opinion in the parties' prior appeal was released, the Supreme Court of Ohio issued an opinion strictly construing the service requirements of R.C. 2721.12. In Cicco v. Stockmaster (2000), 89 Ohio St.3d 95,728 N.E.2d 1066, the Court held:
 "A party who is challenging the constitutionality of a statute [or municipal ordinance] must assert the claim in the complaint (other initial pleading) or an amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction under former R.C. 2721.12." Id. at syllabus.
Former R.C. 2721.12, which applies to the instant case, provided:
 "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. In any proceeding which involves the validity of a township resolution, the township shall be made a party and shall be heard."
As the Supreme Court of Ohio noted,
 "[e]ffective September 24, 1999, [R.C. 2721.12] was amended to require that the Attorney General be served with a copy of the complaint in the action or proceeding in which a statute, ordinance, or franchise is alleged to be unconstitutional.[2]
Although the former version of R.C. 2721.12 required serving the Attorney General with `a copy of the proceeding,' the amended version of the statute expressly requires service of the `complaint.'" Cicco, 89 Ohio St. at 98.
Pursuant to the Supreme Court of Ohio's recent interpretation of former R.C. 2721.12, the trial court did not have jurisdiction to declare Ordinance No. 97-0-92, unconstitutional, regardless of whether the trial court had notice that the Attorney General did not wish to participate in the action, because appellees never served a copy of their amended complaint upon the Attorney General in accordance with methods set forth in Civ.R. 4.1. Appellant's second assignment of error has merit.
Based on the above analysis, we do not need to address appellant's first assignment of error. Furthermore, because the trial court did not have jurisdiction to proceed in this case, appellant's third and fourth assignments of error are not appropriately before us at this time.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed. This case is remanded and the trial court is instructed to dismiss appellees' complaint for lack of jurisdiction.
 __________________________________ NADER, J.
FORD, P.J., CHRISTLEY, J., concur.
[1] The preamble to Ordinance No. 97-0-92 provides:
 "WHEREAS, the lands within the `White Triangle' are located along or near the shoreline of Lake Erie and in proximity or adjacent to park lands acquired by the City, which lands provide a habitat for various species of endangered or threatened plants and animals, and upon which there is unique vegetation; and
 "WHEREAS, the said lands have been designated for acquisition by the City to serve as park lands and for the protection and preservation of the natural habitat of vegetation and animals and for preservation of the beaches and shoreline for the benefit of all residents of the City of Mentor; and
 "WHEREAS, it is in the public interest to advise the owners of the properties within the `White Triangle' of the imminence of the acquisition of said lands for public purposes and so as to avoid unproductive expenditures by the owners of said properties and to minimize the cost of the acquisition of said properties by the city.'
The text of the ordinance provides in pertinent part:
 "No permits shall be issued for the construction, erection or alteration of any structure or for grading or tree removal for a period of one hundred eighty (180) days from the date an application for a permit is made, or subsequent to the filing of a petition by the City of Mentor for appropriation [of any property within the White Triangle] while said action is pending[.]"
[2] R.C. 2721.12, as amended, provides:
 "(A) Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding. In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard. In any action or proceeding that involves the validity of a township resolution, the township shall be made a party and shall be heard."