[Cite as *Woods Cove III, L.L.C. v. Am. Guaranteed Mgt., Co.*, 2018-Ohio-1829.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 105494 and 105901**

---

## WOODS COVE III, L.L.C.

PLAINTIFF -APPELLEE

vs.

## AMERICAN GUARANTEED MANAGEMENT CO., L.L.C., ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-14-836666 and CV-15-839377

**BEFORE:** Keough, J., McCormack, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 10, 2018

**ATTORNEYS FOR APPELLANTS**

Joseph Bancsi
The Goodwin Bryan Building
22050 Mastick Road
Cleveland, Ohio 44126

Michael F. Westerhaus
362 Arbour Garden Avenue
Las Vegas, Nevada 89148


**ATTORNEYS FOR APPELLEE**

David T. Brady
Austin B. Barnes, III
Suzanne M. Godenswager
Brian Steven Gozelanczyk
Manbir S. Sandhu
Andrew M. Tomko
Sandhu Law Group, L.L.C.
1213 Prospect Avenue, Suite 300
Cleveland, Ohio 44115

**For Cuyahoga County Treasurer**

Awatef Assad
Cuyahoga County Law Department
Assistant Director of Law
2079 E. 9th Street, 7th Floor
Cleveland, Ohio 44115

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Michael A. Kenny
Gregory B. Rowinski
Assistant County Prosecutors
310 W. Lakeside Avenue, Suite 300
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In these consolidated appeals, defendants-appellants Nick Papadelis ("Papadelis") and American Guaranteed Management Co., L.L.C. ("American Guaranteed") (collectively, "appellants") appeal from the trial court's judgments adopting the magistrate's decisions that granted summary judgment in favor of plaintiff-appellee Woods Cove III, L.L.C. ("Woods Cove") and denied appellants' motions for summary judgment. For the reasons that follow, we affirm.

## I. Background

{¶2} This case concerns tax certificates purchased by Woods Cove from the Cuyahoga County Treasurer and the ensuing foreclosure actions.

> Ohio's tax certificate legislation, R.C. 5721.30 through 5721.43, allows a county government to sell tax certificates to private investors. A tax certificate entitles the certificate holder to the first lien on the real property. R.C. 5721.32. A property owner can redeem the certificate and remove the lien by paying the certificate holder the purchase price plus interest, penalties, and costs. R.C. 5721.38. If the property owner fails to redeem the certificates, the tax certificate holder may initiate foreclosure proceedings on the real property after complying with certain statutory requirements.

*Woods Cove II, L.L.C. v. Am. Guaranteed Mgmt. Co., L.L.C.*, 8th Dist. Cuyahoga No. 103652, 2016-Ohio-3177, ¶ 2.

{¶3} American Guaranteed owed property taxes on property located on Torwood Court in Cleveland, and Papadelis owed property taxes on property located on Orchard Boulevard in Parma Heights. Woods Cove purchased tax certificates representing the tax liens on the properties from the county treasurer. When Papadelis and American

Guaranteed failed to redeem the certificates, Woods Cove filed foreclosure actions pursuant to R.C. Chapter 5721. The cases were assigned to the same trial court judge.

{¶4} Papadelis and American Guaranteed filed identical answers to the complaints, and both asserted a counterclaim seeking a declaratory judgment that Ohio's tax certificate legislation is unconstitutional.

{¶5} Woods Cove subsequently filed identical motions for summary judgment in both cases. In its motions, Woods Cove asserted that there were no genuine issues of material fact that (1) it was the holder of the tax certificates, (2) the amount and nonpayment of the taxes as shown on the tax certificates was presumptively valid, (3) it had not received any payment on the assessments referred to in the tax certificates, (4) it had filed a notice of intent to foreclose with the county treasurer, and (5) the treasurer had certified that the properties had not been redeemed. Accordingly, Woods Cove argued that it was entitled to judgment as a matter of law.

{¶6} In their identical motions for summary judgment and responses to Woods Cove's motion, Papadelis and American Guaranteed did not dispute Woods Cove's arguments regarding their liability on the tax certificates, or the amount and validity of the taxes, assessments, charges, penalties, and interest due and unpaid. Instead, they argued they were entitled to summary judgment on their counterclaims that Ohio's tax certificate legislation is unconstitutional.

{¶7} Papadelis and American Guaranteed argued that the tax certificate legislation violates the equal protection requirements of the United States and Ohio Constitutions

because the statute treats similarly situated property owners (i.e., those on the delinquent land list) differently by allowing the treasurer to arbitrarily select which tax certificates will be sold, thereby requiring the property owners chosen for tax certificate foreclosure to pay interest and fees to redeem their property that property owners subject to a noncertificate foreclosure are not required to pay.

{¶8} They argued further that Ohio's tax certificate legislation violates due process protections of the United States and Ohio Constitutions because under R.C. 5721.40, after two unsuccessful attempts to sell the tax certificate property, the tax certificate holder obtains an "incontestable" title to the parcel. Appellants argued that because the title obtained by the tax certificate holder is "incontestable," a property owner is precluded from appealing any mistakes in the foreclosure process, in violation of the property owner's due process rights.

{¶9} Last, appellants argued that Ohio's tax certification legislation is unconstitutional because it violates the doctrine of separation of powers by allowing the county treasurer, instead of the judiciary, as trier of fact, to decide the amount of attorney fees related to tax certificate foreclosures. They argued further that R.C. 5721.37(F), which provides that the tax certificate is "presumptive evidence" in all courts "of the amount and validity of the taxes, assessments, charges, penalties * * * and interest" is a legislative intrusion into the court's rule-making authority to regulate court procedure.

{¶10} In its identical journal entries regarding the respective motions for summary judgment, the trial court noted that in light of the "ever-present disparity in the application

of fees and costs associated with the treasurer's tax foreclosures and those of private investors like Woods Cove," it was "no surprise" that appellants had raised a constitutional challenge to Ohio's tax certificate legislation. Nevertheless, without addressing Papadelis's and American Guaranteed's specific constitutional challenges, the trial court found that the tax certificate statute was presumptively valid and granted Woods Cove's motion for summary judgment and denied appellants' motions.

{¶11} This court dismissed appellants' subsequent appeals of the trial court's ruling for lack of a final, appealable order because the trial court's judgment entries had not made a determination as to the priority of liens or the amount of the judgment. *Woods Cove III, L.L.C. v. Papadelis,* 8th Dist. Cuyahoga No. 104756 (Nov. 10, 2016); *Woods Cove III, L.L.C. v. Am. Guaranteed,* 8th Dist. Cuyahoga No. 104758 (Nov. 10, 2016).

{¶12} On December 16, 2016, upon remand, the magistrate issued decisions in both cases granting foreclosure and setting forth the lien priorities and judgment amounts. The trial court subsequently denied appellants' motions for an extension of time to file objections to the magistrate's decisions and issued journal entries in both cases adopting the magistrate's decisions. Papadelis and American Guaranteed both appealed, and the cases were consolidated for briefing, argument, and disposition.

## II. Analysis

### A. Constitutionality of Ohio's Tax Certificate Statute

**{¶13}** In their first assignment of error, appellants contend that the trial court erred in denying their motions for summary judgment after finding that Ohio's tax certificate legislation is constitutional.

**{¶14}** We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id.*

**{¶15}** As an initial matter, we conclude that the trial court was without jurisdiction to decide the constitutionality issue because the record reflects that the Ohio attorney general was not served with appellants' answers requesting declaratory judgment regarding the constitutionality of Ohio's tax certificate legislation.

**{¶16}** R.C. 2721.12(A) requires service of a copy of the pleadings on the attorney general when a party challenges the constitutionality of a statute in a declaratory judgment action. If the service requirement is not met, a trial court lacks subject matter jurisdiction to determine the constitutionality of the statute. *Woods Cove II, L.L.C.*, 8th Dist. Cuyahoga No. 103652, 2016-Ohio-3177 at ¶ 10, fn. 2.

**{¶17}** In *Cicco v. Stockmaster*, 89 Ohio St.3d 95, 728 N.E.2d 1066 (2000), the Ohio Supreme Court held that a party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading), and must serve the pleading upon the attorney general in accordance with the methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction to decide the constitutional challenge. The

Supreme Court subsequently employed an expansive interpretation of *Cicco* to dismiss an appeal sua sponte where the constitutionality of a statute had been raised in a motion to dismiss filed in an ordinary civil action. *George Shima Buick, Inc. v. Ferencak*, 91 Ohio St.3d 1211, 741 N.E.2d 138 (2001).

{¶18} In subsequent pronouncements regarding the duty imposed by R.C. 2721.12(A) to notify the attorney general, the Supreme Court limited *Cicco* and the application of R.C. 2721.12(A) to those cases in which a party challenges the constitutionality of a statute in a declaratory judgment action. *Cleveland Bar Assn. v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187; *Pinchot v. Charter One Bank, F.S.B.*, 99 Ohio St.3d 390, 2003-Ohio-4122, 792 N.E.2d 1105, ¶ 6, fn. 1. Where the constitutionality of a statute is raised in a motion filed in an ordinary civil action, R.C. 2721.12(A) does not apply. *Tonti v. Tonti*, 10th Dist. Franklin Nos. 03AP-494 and 03AP-728, 2004-Ohio-2529, ¶ 136.

{¶19} Here, the constitutionality of Ohio's tax certificate legislation was raised in appellants' answer to Woods Cove's complaint by way of a counterclaim that specifically requested a declaratory judgment that the statute is unconstitutional. Accordingly, the service requirement of R.C. 2721.12(A) was applicable. *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 30 (2d Dist.). Because the attorney general did not receive notice as required by R.C. 2721.12, the trial court was without jurisdiction to render a declaratory judgment regarding the constitutional issue, and its

pronouncement regarding the constitutionality of Ohio's tax certificate legislation is therefore void.

**{¶20}** The trial court did have jurisdiction, however, to decide the foreclosure issue because that issue was separate from the constitutional issue. *Ohioans for Fair Representation v. Taft,* 67 Ohio St.3d 180, 183, 616 N.E.2d 905 (1993) ("a jurisdictional failure regarding one cause of action in a complaint does not taint the entire complaint"); *Osborne v. Mentor*, 133 Ohio App.3d 22, 26-27, 726 N.E.2d 1027 (11th Dist.1999) (the failure to comply with R.C. 2721.12 does not deprive the court of subject matter jurisdiction over the case; it precludes the court from entering declaratory relief).

**{¶21}** Under Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. The moving party has the initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate. If the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

**{¶22}** In its motions for summary judgment, Woods Cove presented evidence that it was the holder of the tax certificates and entitled to foreclose on them, as well as evidence regarding the amounts due on the certificates. Thus, Woods Cove met its initial burden under Civ.R. 56(C). In their motions for summary judgment and responses to Woods Cove's motions, appellants presented no evidence whatsoever disputing Woods Cove's entitlement to foreclose or the amounts due. Accordingly, appellants did not meet their reciprocal burden of demonstrating there was any genuine issue of material fact for trial, and the trial court therefore properly granted summary judgment in favor of Woods Cove on its complaints for foreclosure. The first assignment of error is overruled.

## B. Attorney Fees

**{¶23}** In their second assignment of error, appellants assert that the trial court erred in adopting the magistrate's decision that awarded attorney fees to Woods Cove because the decision did not determine the reasonableness of the attorney fees, and did not state the basis for the fee amount determination, such as the number of hours expended on the litigation and the hourly rate.

**{¶24}** Civ.R. 53(D)(3)(b)(iv), regarding objections to a magistrate's decision, prohibits a party from "assign[ing] as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Appellants did not file objections to the magistrate's decision and thus have waived all but plain error. *Glendell-Grant v. Grant*, 8th Dist. Cuyahoga No.

105895, 2018-Ohio-1094, ¶ 17. In applying the plain error doctrine in a civil case, "reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice." *Id.*, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). We do not find such exceptional circumstances in these cases.

{¶25} Contrary to appellants' argument, the magistrate stated the basis for the award of attorney fees — R.C. 5721.371(B)(1) — which provides that attorney fees less than or equal to $2,500 are presumed reasonable. Appellants' reliance on *TCF Natl. Bank FBO Aeon Fin., L.L.C. v. Bors*, 5th Dist. Stark No. 2009CA00122, 2010-Ohio-1403, is misplaced. That case held that in awarding attorney fees under R.C. 5721.371, a trial court must state the factors it used in calculating the award (e.g., the number of hours, the hourly fee, the difficulty of the litigation) to demonstrate the reasonableness of the award. However, *Bors* was decided before the 2016 amendment to R.C. 5721.371, which added Section B to the statute. Under R.C. 5721.371(B)(1), attorney fee awards less than or equal to $2,500 are presumptively reasonable.

{¶26} The magistrate's decision awarded attorney fees less than $2,500. The fees were thus presumptively reasonable, and there was no requirement the magistrate set forth specific findings to demonstrate the reasonableness of the fees. Furthermore, appellants presented no evidence rebutting the presumption of reasonableness. Accordingly, we find no plain error, and the second assignment of error is overruled.

## C. Extension of Time

**{¶27}** On December 16, 2016, the magistrate issued decisions in both cases granting foreclosure and setting forth the lien priorities and judgment amounts. On December 30, 2016, counsel for Papadelis and American Guaranteed filed in both cases a notice of appearance and a motion for a 30-day extension of time to file objections to the magistrate's decision, asserting that he was newly retained and needed additional time to analyze and prepare objections. Woods Cove opposed the motion, arguing that although counsel had newly made a formal *appearance* in the cases, he was in fact not newly *retained* because he had been working with Woods Cove's counsel since October 2016 to resolve the matter. Woods Cove pointed out that appellants' "new" counsel had entered an appearance on October 11, 2016, in their appeals of the trial court's judgment, and had filed motions to consolidate the cases for appeal and to extend the time for filing the appellate brief. Thus, Woods Cove argued that counsel had actually been working on the case for at least two months prior to his notice of appearance in the trial court cases. The trial court subsequently denied the motion for extension of time.

**{¶28}** In their third assignment of error, appellants contend that the trial court erred in denying their request for an extension of time to file objections to the magistrate's decision.

**{¶29}** Pursuant to Civ.R. 53(D)(3)(b)(i), a party may file objections to a magistrate's decision within 14 days of the filing of the decision. However, Civ.R. 53(D)(5) permits the trial court to grant a reasonable extension of time for a party to file

objections outside the 14-day period "for good cause shown." "The definition of good cause is without precise parameters and varies according to the facts presented in each individual case." *Woodruff v. Concord City Discount Clothing Store*, 2d Dist. Montgomery No. 10072, 1987 Ohio App. LEXIS 5914, *9 (Feb. 19, 1987).

**{¶30}** A trial court has broad discretion in determining whether to grant a motion for an extension of time, and the court's decision will not be reversed on appeal absent an abuse of discretion. *Bedi-Hetlin v. Hetlin*, 3d Dist. Seneca No. 13-14-08, 2014-Ohio-4997, ¶ 49. A discretionary act that is "clearly against reason and evidence" is an abuse of discretion. *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066-M, 2013-Ohio-4380, ¶ 9. We find no abuse of discretion here.

**{¶31}** First, appellants waited to file their motion for an extension until the day the objections were due. Moreover, they asked for an additional 30 days to prepare their objections to the magistrate's decision, a period well beyond the normal time allocated for responding to a magistrate's decision. Furthermore, although appellants' counsel asserted he needed more time because he was newly retained, the record reflects that counsel had been working on the cases since October 11, 2016, when he entered appearances in this court in appellants' appeals of the trial court's decisions granting Woods Cove's motions for summary judgment. Appellants did not dispute Woods Cove's assertion that appellants' counsel had been working with Woods Cove since October 2016 to resolve the matter. Accordingly, appellants did not demonstrate good cause for an extension of time to file their objections to the magistrate's decision, and the

trial court did not abuse its discretion in denying the motion. The third assignment of error is overruled.

**D.     Motion to Reconsider**

{¶32} After the trial court denied Papadelis's motion for extension of time to file his objections to the magistrate's decision, but before the trial court had adopted the magistrate's decision, Papadelis filed a motion in Cuyahoga C.P. No. CV-14-836666 asking the court to reconsider its judgment granting Woods Cove's motion for summary judgment, and to reconsider its judgment denying the motion for extension, or in the alternative, to vacate the magistrate's decision. The trial court denied the motion to reconsider. In the fourth assignment of error, Papadelis argues that the trial court erred in denying his motion to reconsider.

{¶33} The Ohio Rules of Civil Procedure do not provide for a motion for reconsideration after a final judgment in the trial court, and thus any judgment or order regarding such a motion is a nullity. *Cleveland Bd. of Zoning Appeals v. Abrams*, 186 Ohio App.3d 590, 2010-Ohio-1058, 929 N.E.2d 509, ¶ 23 (8th Dist.). A trial court has inherent authority, however, to revise its interlocutory orders prior to its entry of a final order. *Miller v. Gen. Motors Corp.*, 8th Dist. Cuyahoga No. 55200, 1989 Ohio App. LEXIS 1099, *8 (Mar. 30, 1989). Here, because the trial court had not yet adopted the magistrate's decision granting summary judgment and setting forth the judgment amount, there was no final judgment, and the court could properly reconsider its interlocutory

orders. Nevertheless, we find no error in the trial court's denial of the motion for reconsideration.

{¶34} In his motion for reconsideration, Papadelis argued, as he does on appeal, that the trial court improperly granted summary judgment to Woods Cove because (1) the affidavit of Woods Cove's agent attached to its motion for summary judgment fraudulently failed to disclose payments Papadelis had made to Woods Cove; (2) Woods Cove incorrectly calculated the interest due on Papadelis's property; and (3) Woods Cove's calculation of attorney fees was unlawful.

{¶35} Papadelis's motion for reconsideration raised new defenses to Woods Cove's motion for summary judgment that were not raised in either his answer to the complaint or his motion for summary judgment and response to Woods Cove's motion for summary judgment. Papadelis's answer and motion for summary judgment raised only constitutional objections to Woods Cove's foreclosure complaint; he did not dispute his liability on the tax certificates, and made no arguments regarding alleged payments to Woods Cove, the improper calculation of interest by Woods Cove, or attorney fees. As the trial court stated in its journal entry denying the motion, Papadelis's motion for reconsideration was "an attempt to restructure the litigation" at a late date without filing a proper pleading seeking to amend his answer to the complaint and counterclaim. Accordingly, the trial court properly overruled the motion. The fourth assignment of error is therefore overruled.

{¶36} Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

TIM McCORMACK, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR