OHIOANS FOR FAIR REPRESENTATION, INC., APPELLANT, ET
AL., *v.* TAFT, SECY. OF STATE, ET AL., APPELLEES.

[Cite as *Ohioans for Fair Representation,
Inc. v. Taft* (1993), 67 Ohio St.3d 180.]

(No. 92–1080—Submitted April 27, 1993—Decided August 25, 1993.)

182

*Thompson, Hine & Flory, Leslie W. Jacobs* and *William C. Wilkinson,* for appellant.

*Lee I. Fisher,* Attorney General, *Cherry Lynne Poteet* and *Theresa R. Schaefer,* Assistant Attorneys General, for appellees Secretary of State and Ohio Elections Commission.

PFEIFER, J.  R.C. 2721.12 requires service of a copy of the proceeding on the Attorney General when a party challenges the constitutionality of a statute in a declaratory judgment action.  R.C. 2721.12 does not require, however, that the Attorney General be named as a party in such an action.  *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 6 O.O.3d 329, 370 N.E.2d 457.  A misstatement of the law in paragraph one of the syllabus in *Westlake v. Mascot Petroleum Co.* (1991),

61 Ohio St.3d 161, 573 N.E.2d 1068, has led to some confusion in this area. That paragraph reads:

"While R.C. 2721.12, *which requires that the Attorney General be made a party* to a declaratory judgment action challenging the constitutionality of a municipal ordinance, is applicable to proceedings initiated by way of counterclaim, it is not implicated where the sole allegation is that the ordinance is preempted by state law." (Emphasis added.)

A reading of the statute consistent with the body of the opinion in *Westlake* and with *Malloy* reveals that R.C. 2721.12 requires only service of a copy of the proceeding on the Attorney General, not that he be named as a party.

Thus, in the present case OFRI was not required to name the Attorney General as a necessary party. Because OFRI raised constitutional claims in its complaint, it did need to serve a copy of the complaint on the Attorney General in order to be heard on those specific issues. The failure to serve the complaint directly on the Attorney General did not, however, doom the entire complaint.

This court has previously held that where mere statutory interpretation is at issue, the Attorney General need not be served. *Mascot Petroleum, supra,* at 164, 573 N.E.2d at 1071. Thus, the trial court did have jurisdiction on OFRI's question of statutory interpretation. It is axiomatic that a jurisdictional failure regarding one cause of action in a complaint does not taint the entire complaint. For example, a complaint listing multiple causes of action does not fail completely when the statute of limitations has run on one of those causes of action. The other causes of action survive and jurisdiction remains proper as to them.

In its motion for summary judgment, OFRI sought alternative declaratory judgments. It first asked the court to declare that advocating a view regarding reapportionment is a subject matter outside R.C. 3599.03 and laws governing political action committees. Since the constitutionality of the statute was not raised in these claims, no service was required on the Attorney General.

Alternatively, OFRI sought declarations that if those laws do apply they are unconstitutionally overbroad and vague and that they violate the First Amendment rights of those advocating a view on reapportionment. Service of a copy of the proceeding on the Attorney General would be required before a court would have jurisdiction to make such declarations.

The plain fact is that the trial court did not even seek, and should not have sought, to declare anything regarding the constitutionality of the statutes. "Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary." *Hall China Co. v. Pub. Util. Comm.* (1977), 50 Ohio St.2d 206, 210, 4 O.O.3d 390, 393, 364 N.E.2d 852, 854. Instead, the trial court correctly limited its declaration to the applicability of the statutes

to OFRI. No service of the complaint on the Attorney General was required to confer jurisdiction upon the trial court to make such a declaration. The trial court thus had jurisdiction on that limited issue and we therefore reverse the judgment of the court of appeals, and reinstate the judgment of the trial court.

Additionally, the very apparent intent of R.C. 2721.12 is to ensure that the Attorney General is informed of attacks on the constitutionality of the laws of this state. In this case, the Attorney General entered the fray immediately upon service on the parties. He has been intimately involved in all aspects of the case, including arguments before the trial court, the court of appeals, and this court. The statute's objective was clearly met, as the Attorney General learned early on that the constitutionality of Ohio statutes was being questioned. Therefore, we also hold that for purposes of R.C. 2721.12, the Attorney General will be deemed to have been "served with a copy of the proceeding" once he undertakes representation of a party to the action.

Accordingly, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS and WRIGHT, JJ., concur.

RESNICK and F.E. SWEENEY, JJ., dissent.

FRANCIS E. SWEENEY, SR., J., dissenting. · I must respectfully dissent from the opinion of the majority because I believe that the failure to serve the Attorney General was a jurisdictional defect which cannot be excused on the basis that the Attorney General represented a party to the proceedings. R.C. 2721.12 is clear that, whenever a statute is alleged to be unconstitutional in a declaratory judgment action, the Attorney General shall be served with a copy of the proceeding. Service upon the Attorney General of Ohio is a mandatory jurisdictional prerequisite where the constitutionality of a statute is being contested. *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 107, 6 O.O.3d 329, 331, 370 N.E.2d 457, 459.

Thus, since the constitutionality of the statutes was contested in appellant's complaint, the failure to serve the Attorney General with a copy of the complaint deprives the court of jurisdiction to render an enforceable declaratory judgment. Accordingly, I would affirm the judgment of the court of appeals.

RESNICK, J., concurs in the foregoing dissenting opinion.