On January 17, 1997, Theresa Nicolini-Brownfield, in her capacity as administrator of the estates of Joann Nicolini, deceased, and Alfred Nicolini, deceased, and on behalf of all beneficiaries of such estates, filed a complaint in the Franklin County Court of Common Pleas against Curtis A. Eigensee and Chad R. VanSickle. Ms. Nicolini-Brownfield sought damages, in accordance with R.C. Chapter 2125, for the wrongful deaths of Joann and Alfred Nicolini in an automobile accident that occurred on January 4, 1997 and was allegedly caused by the negligent, reckless and/or intentional acts of Mr. Eigensee and Mr. VanSickle.
On November 26, 1997, Ms. Nicolini-Brownfield filed a first amended complaint. The first amended complaint added as plaintiffs Theresa Nicolini-Brownfield, individually and as the parent of Nicholas and Alison Brownfield, Thomas P. Nicolini, individually and as the parent of Joseph and Christie Nicolini, Marijo Cistone, individually and as the parent of Gina and Nicole Cistone, and Joseph Nicolini. The named plaintiffs are the children and grandchildren of Joann and Alfred Nicolini. The first amended complaint also added as defendants Erie Insurance Company ("Erie"), Motorists Mutual Insurance Company ("Motorists") and The St. Paul Fire and Marine Insurance Company ("St. Paul"). The named plaintiffs averred that they were each insured under individual automobile insurance contracts that contained uninsured/underinsured motorist coverage and that their respective insurance companies had denied them coverage for damages arising out of the deaths of Joann and Alfred Nicolini. The plaintiffs averred that a justiciable controversy existed which required the trial court determine the existence or nonexistence of coverage and damages under their respective insurance contracts.
On December 9, 1997, a second amended complaint was filed, adding as a defendant Nationwide Insurance Company ("Nationwide"). The named plaintiffs averred that the decedents had been insured under an automobile insurance policy with Nationwide that included uninsured/underinsured motorist coverage, that a claim had been made for damages resulting from the deaths of Joann and Alfred Nicolini and that Nationwide had denied coverage. The plaintiffs averred that a justiciable controversy existed requiring the trial court to determine the existence or nonexistence of coverage under the Nationwide insurance policy.
On December 29, 1997, Motorists filed a counterclaim seeking a declaration that neither decedent was an insured under the automobile insurance policy issued by Motorists to Thomas P. Nicolini and that such policy did not provide uninsured/underinsured motorist coverage to Thomas P. Nicolini and his children in connection with the deaths of Joann and Alfred Nicolini.
By January 28, 1998, all of the claims and the cross-claim involving the alleged tortfeasors, Mr. Eigensee and Mr. VanSickle, had been dismissed with prejudice. Hence, the only claims remaining were the declaratory judgment actions involving the plaintiffs and Erie, St. Paul, Motorists and Nationwide. For purposes of summary judgment, the plaintiffs, Erie, St. Paul and Motorists entered into stipulations which, in essence, indicated that the decedents died as a result of an automobile accident proximately caused by the negligence of Mr. Eigensee and Mr. VanSickle, neither decedent resided with any of the named plaintiffs at the time of the automobile accident, the tortfeasors' insurance companies, with the consent of Erie, St. Paul, and Motorists, each paid $50,000 to each decedent's estate, the Franklin County Probate Court allocated such proceeds from each estate in certain amounts to each of the named plaintiffs, and the damages sustained by the named plaintiffs exceeded the amounts they had received through the probate court.
All parties filed motions for summary judgment.[1]
On August 26, 1998, the trial court rendered a decision and entry, granting summary judgment in favor of the plaintiffs on their declaratory judgment action against Nationwide, except for the plaintiffs' constitutional claim, denying the plaintiffs' motion for summary judgment against Erie, St. Paul and Motorists, and granting St. Paul's and Motorists' motions for summary judgment. On September 16, 1998, the trial court journalized an entry, granting Erie's motion for summary judgment. The plaintiffs and Nationwide filed notices of appeal. These appeals have been consolidated for review.
The plaintiffs (hereinafter "plaintiffs-appellants") have appealed from the judgment(s) in favor of Erie, St. Paul and Motorists (hereinafter collectively referred to as "appellees"), assigning the following as error:
 THE TRIAL COURT ERRED IN GRANTING THE MOTIONS FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEES MOTORISTS MUTUAL INSURANCE COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND ERIE INSURANCE COMPANY.
Nationwide (hereinafter "appellant-Nationwide") has appealed from the judgment in favor of plaintiffs-appellants, assigning the following as error:
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEES' MOTION FOR SUMMARY JUDGMENT AND IN DENYING DEFENDANT-APPELLANT NATIONWIDE'S MOTION FOR SUMMARY JUDGMENT[.]
We will address plaintiffs-appellants appeal against appellees in case No. 98AP-1244 first. As indicated above, plaintiffs-appellants asserted a declaratory judgment action against appellees seeking a declaration that they had underinsured motorist coverage under their own automobile insurance policies for the deaths of their parents/grandparents. However, Motorists indicates in its brief that this court does not and the trial court did not have jurisdiction to rule on the matter asserted by plaintiffs-appellants because plaintiffs-appellants failed to comply with R.C. 2721.12. R.C. 2721.12 addresses declaratory judgment actions and states, in pertinent part:
 When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. * * * [I]f any statute or * * * ordinance * * * is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard. (Emphasis added.)
In Malloy v. Westlake (1977), 52 Ohio St.2d 103, syllabus, the Supreme Court of Ohio held that the failure to serve the Attorney General under R.C. 2721.12 with a copy of the proceeding in a declaratory judgment action which challenges the constitutionality of an ordinance precludes a court of common pleas from rendering declaratory relief in that action. Indeed, the requirement in R.C. 2721.12 of service upon the Attorney General is mandatory and jurisdictional. Id. at 105-106. InOhioans for Fair Representation, Inc. v. Taft (1993), 67 Ohio St.3d 180, paragraph one of the syllabus, the Supreme Court held that R.C. 2721.12 requires service of a copy of the proceeding on the Attorney General when a party challenges the constitutionality of a statute in a declaratory judgment action.
As indicated above, plaintiffs-appellants' first amended complaint requested a declaration as to the existence or nonexistence of coverage under their respective automobile insurance policies. In their motion for summary judgment, plaintiffs-appellants' sole argument in support of their claim was that R.C. 3937.18(A)(1) and (2) are unconstitutional. Indeed, plaintiffs-appellants stated that under R.C. 3937.18(A)(1) and (2) and the language in the respective policies, appellees' contention that coverage was not available was correct. See Record 135 at p. 14. However, plaintiffs-appellants asserted that the statutory provisions violated Section 19a, Article I of the Ohio Constitution.
The Attorney General was not served with a copy of the proceeding in this matter. Therefore, under R.C. 2721.12, the trial court did not have jurisdiction to render declaratory relief in plaintiffs-appellants' declaratory judgment action against appellees. However, the trial court did have jurisdiction over Motorists' counterclaim for declaratory judgment.[2] InOhioans for Fair Representation, Inc., the Supreme Court stated that when statutory interpretation is at issue, R.C. 2721.12 is not implicated, and the Attorney General need not be served with a copy of the proceeding. Id. at 183. A jurisdictional failure regarding one cause of action in a complaint does not taint the entire complaint. Id. Applying this principle to the case at bar, the trial court did have jurisdiction over Motorists' counterclaim because such counterclaim involved mere statutory and contract interpretation, not the constitutionality of any statute.
Given the above, we find that the trial court lacked jurisdiction to render judgment in the declaratory judgment action filed by plaintiffs-appellants against appellees. Accordingly, plaintiffs-appellants' appeal in case No. 98AP-1244 must be dismissed. As to the trial court's rendering of judgment in favor of Motorists on its motion for summary judgment on the counterclaim, this judgment was proper.[3]
We now turn to the appeal of appellant-Nationwide in case No. 98AP-1243. In their second amended complaint, plaintiffs-appellants sought, in essence, a declaration that they each had a separate claim under the uninsured/underinsured motorist provision of Joann and Alfred Nicolini's automobile insurance policy with appellant-Nationwide. We first point out that in support of this claim, plaintiffs-appellants asserted below that R.C. 3937.18(H) was unconstitutional. Again, the Attorney General was never served with a copy of the proceeding as required in R.C. 2721.12. Hence, the trial court was without jurisdiction to render judgment as to this portion of plaintiffs-appellants' claim against appellant-Nationwide. However, plaintiffs-appellants' claim involved more than constitutional issues. Indeed, the bulk of plaintiffs-appellants' claim against appellant-Nationwide involved statutory and contract interpretation. Hence, the trial court had jurisdiction over this portion of plaintiffs-appellants' claim. See Ohioans for FairRepresentation, Inc. at 183-184.
In granting summary judgment in favor of plaintiffs-appellants, the trial court found that non-resident, wrongful death beneficiaries could make separate claims under a decedent's uninsured/underinsured motorist policy. In addition, the trial court found that the Nationwide policy did not clearly and unambiguously state that all derivative claims would constitute a single claim as permitted under R.C. 3937.18(H). Accordingly, the trial court concluded that each plaintiff-appellant had a separate claim for each death under the Nationwide policy, subject to the per-person limit. Appellant-Nationwide contends the trial court erred in granting summary judgment in favor of plaintiffs-appellants.
Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. SeeSmiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
The main issue before this court is a legal issue — the interpretation of the insurance contract between appellant-Nationwide and the decedents. Appellant-Nationwide contends that the language of the policy clearly consolidates all derivative claims into a single claim as permitted under R.C.3937.18(H). It is well-settled that insurance policies should be liberally construed in favor of the insured. Blue Cross BlueShield Mut. of Ohio v. Hrenko (1995), 72 Ohio St.3d 120, 122, citing Yeager v. Pacific Mut. Life Ins. Co. (1956), 166 Ohio St. 71, paragraph one of the syllabus. Under contract principles, words in a policy must be given their plain and ordinary meaning.Id. However, where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, such provisions will be construed strictly against the insurer and liberally in favor of the insured. Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660, 664, citing King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. For the reasons that follow, we find that summary judgment in favor of plaintiffs-appellants as against appellant-Nationwide was appropriate.
Former R.C. 3937.18(H)[4], in effect at the relevant time herein, stated:
 Any automobile liability or motor vehicle liability policy of insurance that includes coverages offered under division (A) of this section and that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one automobile accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident. (Emphasis added.)
The Nationwide policy here includes coverages offered under R.C. 3937.18(A)— uninsured/underinsured motorist coverage, and provides for a per-person limit of $100,000 for bodily injury, including death. The uninsured motorist provision of such policy states:
YOU AND A RELATIVE
 We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle
because of bodily injury suffered by you or a relative. * * *
* * *
DEFINITION
1. An uninsured motor vehicle is:
* * *
 b) one which is underinsured. This is a motor vehicle
for which bodily injury liability coverage or bonds are in effect; however, their total amount is less than the limits of this coverage. * * *
LIMITS OF PAYMENT
 AMOUNTS PAYABLE FOR UNINSURED MOTORISTS LOSSES We agree to pay losses up to the limits stated in the policy Declarations. The following applies to these limits:
 1. The bodily injury limit shown for any one person is for all legal damages, including all derivative claims, claimed by anyone arising out of and due to bodily injury to one person as a result of one occurrence.
 The per-person limit is the total amount available when one person sustains bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims made by anyone arising out of bodily injury, including death, to one person as a result of one occurrence.
 Subject to this per-person limit, the total limit of our liability shown for each occurrence is the total amount available when two or more persons sustain bodily injury, including death, as a result of one occurrence. No separate limits are available to anyone for derivative claims, statutory claims or any other claims arising out of bodily injury, including death, to two or more persons as a result of one occurrence.
* * *
 3. The limits of this coverage will be reduced by any amount paid by or for any liable parties. (Emphasis sic.)
The provisions above do not, as appellant-Nationwide contends, clearly and unambiguously state that all derivative claims are consolidated into a single claim. Rather, the provisions can reasonably be construed to mean simply that the $100,000 per-person limit for bodily injury claims applies to "anyone," including "anyone" who brings a derivative claim and that no separate limits are available to anyone for such derivative claims. In other words, under the above provision, "anyone" who brings a derivative claim under the policy is limited to the $100,000 per-person limit and is not entitled to a different or separate limit. It would be going against the plain language of the provision to conclude that it consolidates all derivative claims into a single claim subject to the per-person limit. The provision simply does not so state.
We also note that contrary to appellant-Nationwide's assertion, former R.C. 3937.18(H) does not require that automobile insurance policies contain uninsured/underinsured motorist provisions that consolidate derivative claims into single claims. Rather, former R.C. 3937.18(H) merely states that such provisionsmay include such language. As this court has concluded above, the provision at issue here did not include such language. In addition, former R.C. 3937.18(H) did not legislatively overruleHolt v. Grange Mut. Cas. Co. (1997), 79 Ohio St.3d 401, which stated that a wrongful death claimant who is a statutory beneficiary of an insured decedent can recover under the uninsured/underinsured motorist provisions of the decedent's insurance policy if the wrongful death claimant is not a named insured under the policy. Id.
Given this and the fact that the provision must be construed strictly against appellant-Nationwide and in favor of appellants, we conclude that each of the plaintiffs-appellants has a separate claim under the uninsured/underinsured motorist provision, subject to the per-person limit. As such, the trial court correctly concluded that pursuant to R.C. 3937.18(A)(2), appellant-Nationwide could set off from such limit that amount actually available for payment to each individual beneficiary from the tortfeasors.[5]
Given all of the above, summary judgment in favor of plaintiffs-appellants against appellant-Nationwide was appropriate. Accordingly, appellant-Nationwide's assignment of error is overruled.
In summary, the appeal in case No. 98AP-1244 is dismissed. Appellant-Nationwide's assignment of error in case No. 98AP-1243 is overruled, and the judgment of the Franklin County Court of Common Pleas granting summary judgment to plaintiffs-appellants against appellant-Nationwide is affirmed.
Judgment affirmed in case No. 98A1243; appeal dismissed incase No. 98AP-1244.
PETREE and BOWMAN, JJ., concur.
[1] Erie filed a trial brief on February 26, 1998 which was later converted into a motion for summary judgment.
[2] As indicated above, Motorists' counterclaim sought a declaration that Thomas P. Nicolini's policy did not provide uninsured/underinsured motorist coverage in connection with the deaths of Joann and Alfred Nicolini.
[3] Plaintiffs-appellants' sole assignment of error goes to the constitutionality of R.C. 3937.18(A)(1) and (2); they do not assign as error the trial court's granting of summary judgment in favor of Motorists on its counterclaim which, as stated above, did not involve constitutional issues. Hence, there has been no appeal by plaintiffs-appellants of the judgment granted in favor of Motorists on its counterclaim.
[4] R.C. 3937.18(H) was amended effective September 3, 1997.
[5] Here, such payment from the tortfeasors was distributed in specific amounts to plaintiffs-appellants by the probate court, and it is these respective amounts that may be set off from the respective, individual claims under the Nationwide policy.