OPINION
Defendants-appellants, Jackson Township, its Board of Trustees, and zoning inspector appeal a decision by the Auglaize County Common Pleas Court rendered in their favor vacating a temporary restraining order and denying a request for both preliminary and permanent injunctive relief halting the construction of a telecommunications tower. On the basis of our inability to grant relief, we must dismiss the appeal.
On March 23, 2001, a complaint was filed against SBA Communications Corporation ("SBA") and Jackson Township, Auglaize County, Ohio, including its Board of Trustees and the zoning inspector for the township ("Jackson Township"), by certain landowners living within Jackson Township to enjoin the construction of a telecommunications tower within the agricultural zone in which they reside. Additionally, the complaint included a request for a writ of mandamus directed to Jackson Township. Thereafter, the trial court issued a temporary restraining order prohibiting and enjoining SBA from continuing construction of the tower and set an April 3, 2001 hearing date for the preliminary injunction.
At the hearing, the parties entered into a series of stipulations and advised the court that the only issue in controversy was the interpretation of R.C. 519.211(B)(1)(c) as it relates to the stipulated facts. More specifically, the issue to be decided was whether the area in which the tower was to be constructed was "an area zoned for residential use." If the site were a residential zone, the notice requirements of R.C. 519.211(B) would be applicable. The adjoining landowners before the trial court argued that although the land upon which they resided was an agricultural district, residential development is a permitted use in an agricultural zone, and therefore, the presence of their residences transformed the area into an "area zoned for residential use."
In a Judgment Entry dated April 5, 2001, the trial court found that the land upon which the tower was to be constructed was not within a residential zone pursuant to the Ohio Supreme Court's decision in SymmesTownship Board of Trustees v. Smyth,[1] which interpreted the guidelines of R.C. 519.211(B). Therefore, the trial court ordered the temporary restraining order to be vacated and denied the request for preliminary and permanent injunctive relief. Furthermore, the mandamus action against Jackson Township was dismissed as moot.
In addition to the trial court's resolution of the case, it discussed in dicta the constitutionality of R.C. 519.211(B) as it relates to telecommunication towers. Specifically, the trial court said that "the discriminatory application of township zoning to some telecommunication towers * * * has no rational relationship to any legitimate government interest, and does not provide for due process." Thereafter, the trial court gratuitously noted that R.C. 519.211(B) is unconstitutional. These statements were in spite of the fact that no party to the matter requested any such declaratory relief, and that such a finding was not necessary to the court's ultimate determination that the land in question was not "an area zoned for residential use." From this apparent constitutional determination, Jackson Township appealed to this court and asserts the following sole assignment of error.
 Assignment of Error I The trial court erred when it found section 519.211(B) of the Ohio Revised Code to be unconstitutional.
Jackson Township contends that the trial court's determination that R.C. 519.211(B) is unconstitutional was unjustified because the relief sought was granted on other grounds thus precluding the necessity of addressing a constitutional issue that was not raised by any party before the court. For the following reasons, we agree that the constitutionality of R.C. 529.211(B) was unessessarily addressed; however, we dismiss the appeal on the grounds that Jackson Township has failed to present a justiciable issue before this court.
It is axiomatic that courts should not determine the constitutionality of legislative enactments, "unless it is absolutely necessary to do so, and such necessity is absent where other issues are apparent in the record which will dispose of the case on its merits."[2] This principle is no less true in appellate courts as it is in the trial courts. In this case, not only was the definitive issue apparent in the record to dispose of the case, but the trial court ultimately held that complaining landowners were not entitled to relief based upon the court's finding that the proposed structure was not located in an area zoned for residential use pursuant to R.C. 519.211(B)(1)(c). Therefore, while the trial court initially maintained that R.C. 519.211(B) is unconstitutional, the decision went on to enter judgment denying the requested relief pursuant to an interpretation of R.C. 519.211(B)(1)(c). Consequently, the trial court's unnecessary constitutional determination became nothing more than obiter dicta.
Because the constitutional determination by the trial court is not a part of the court's judgment and, therefore, non-binding, Jackson Township lacks standing to challenge that portion of the court's decision. The requirement of standing ensures that the party challenging an order has a "personal stake in the outcome of the controversy."[3] Furthermore, when standing is present, disputes sought to be adjudicated are presented in an adversary context and in a form "historically capable of judicial resolution."[4] Parties maintain standing where they can demonstrate an injury in fact, which requires a showing that the party has suffered or will suffer a specific injury.[5] Furthermore, the injury must be traceable to the challenged action, and the injury must likely be redressed by a favorable decision.[6] Thus, in the unusual twist of this case, Jackson Township, being a prevailing party in the trial court's decision, is without standing to raise on appeal the issue of the trial court's advisory opinion, based upon our inability to sufficiently redress a discernible injury. Consequently, there is no justiciable issue before this court.
Accordingly, we must dismiss the appeal.
SHAW and HADLEY, JJ., concur.
[1] Symmes Twp. Bd. of Trustees v. Smyth (2000), 87 Ohio St.3d 549,553-58.
[2] Greenhills Home Owners Corp. v. Village of Greenhills (1966),5 Ohio St.2d 207, 212. See, e.g., Ohioans for Fair Representation, Inc.v. Taft (1993), 67 Ohio St.3d 180, 183.
[3] Middletown v. Ferguson (1986), 25 Ohio St.3d 71, 75.
[4] In re Estate of York (1999), 133 Ohio App.3d 234, 241, quotingSierra Club v. Morton (1972), 405 U.S. 727, 732.
[5] Id., citing Eng. Technicians Assn. v. Ohio Dept. of Transp. (1991), 72 Ohio App.3d 106, 110-11.
[6] Id.