I concur with the majority analysis and decision but write separately to address an issue related to the notification of the Attorney General.
As noted in the majority opinion, the record establishes that the Attorney General was notified of the potential constitutional issues in this case on two occasions. In the first instance, the Attorney General was notified via a copy of a summary judgment motion, and in the second instance, the Attorney General was notified via an amended complaint. In both instances, a response was filed with the trial court stating, interalia, that "[h]aving read and examined the pleadings, the Attorney General has elected not to participate as a party at this time. However, pursuant to R.C. 2721.12, the Attorney General respectfully requests notification of when the constitutional issues in this case are ripe for the Court's consideration and specifically reserves the right to appear and be heard at such time."
It is difficult to envision when the issues of a case might become more "ripe for the court's consideration" than when motions for summary judgment are pending. Nevertheless, I am more concerned about the implication in those responses that under R.C. 2721.12 the Attorney General somehow has the option to "decline" or "defer" the initial notice and reserve the right to additional notifications, perhaps on a continuing basis, until such time as the Attorney General determines the specific constitutional matters at issue are ripe for intervention.
In her response filed with the trial court, the Attorney General appears to rely on language from the decision in Ohioans for FairRepresentation, Inc. v. Taft (1993), 67 Ohio St.3d 180, holding that for purposes of R.C. 2721.12, the Attorney General will be deemed to have been properly served with notice, "once he undertakes representation of a party to the action." Id. paragraph two of the syllabus. The Attorney General would evidently construe this holding as permitting her office to consider the statutory notice as not taking place until such time as she elects to actually engage in the case. I believe this would be a significant misconstruction of the Taft decision, which held only thatbecause the Attorney General had undertaken active representation of a party early on in that litigation, thereby demonstrating actual notice of the issues, the statutory purposes had been met and the improperly perfected statutory notice would be deemed effective as of that point.Id. at 184.
If, upon receiving proper notice, the Attorney General elects to participate, that office would presumably be entitled to service of any pleadings, motions and orders filed thereafter in due course of the litigation, which the Attorney General could evaluate for herself as to when the constitutional issues are "ripe" for consideration. In short, I believe it is clearly contemplated that if the Attorney General elects to participate in a case, she should become involved in the litigation from that point forward. Indeed, this was a fundamental part of the majority rational in Cicco, supra, for holding that notice must be provided in the initial or amended complaint as opposed to later pleadings such as a summary judgment motion. See Cicco, supra, at 99.
On the other hand, if the Attorney General formally notifies the court that she does not wish to participate in the litigation, it seems to me that there would be no further obligation upon the court or the parties with regard to notification of the Attorney General in that case. However, once duly notified under R.C. 2721.12, nothing in that statute or in the Cicco decision would appear to permit the Attorney General to elect "not to participate at this time" and yet, reserve the right to receive additional statutory notification from the trial court or the parties as to the progress of the constitutional issues set forth in the original notice.