{¶ 29} Because I disagree with the majority's characterization of Nasser's arguments on appeal, I must respectfully concur in judgment only. At the trial level, Nasser failed to serve the Attorney General with a copy of that complaint. As service is mandated by R.C. 2721.12 and controlling Ohio Supreme Court decisions, we lack subject matter jurisdiction to consider his constitutional challenge to R.C. 2305.16. In its opinion, the majority mentions Nasser's failure to serve the Attorney General with notice of his allegation that R.C. 2305.16 and points out this prevents us from being able to address his argument that R.C. 2305.16
is unconstitutional on its face. However, it then goes on to address Nasser's "argument" that R.C. 2305.16 is unconstitutional as applied to him. In doing so, the majority fails to recognize Nasser's entire argument is an attack on the facial constitutional validity of R.C. 2305.16
rather than an attack on the validity of that statute as applied to him. Consequently, I write separately to explain why the trial court's decision should be affirmed.
 {¶ 30} In its current version, R.C. 2721.12 states, in relevant part:
 {¶ 31} "In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard." (Emphasis added).
 {¶ 32} As the Ohio Supreme Court has explained, the legislature enacted R.C. 2712.21 to ensure the Attorney General is informed of attacks on the constitutionality of the laws of this state. Ohioans forFair Representation, Inc. v. Taft (1993), 67 Ohio St.3d 180, 184,616 N.E.2d 905; Cicco v. Stockmaster (2000), 89 Ohio St.3d 95,728 N.E.2d 1066. Every time a party challenges the constitutionality of a statute, the Attorney General is an interested party. Id. The fundamental purpose behind R.C. 2721.12(A) is to provide the Attorney General with a reasonable amount of time to assess the issues and decide whether to participate in the case. Id. For these reasons, if the provisions of R.C.2721.12(A) are not met, a court lacks subject matter jurisdiction to determine the constitutionality of that particular statute. Cicco at 100; George Shima Buick, Inc. v. Ferencak (2001), 91 Ohio St.3d 1211,1212, 741 N.E.2d 138; In re Adoption of Coppersmith (2001),145 Ohio App.3d 141, 147, 761 N.E.2d 1163.
 {¶ 33} Construing the former version of R.C. 2721.12, the Ohio Supreme Court concluded the Attorney General must be served with a copy of the complaint in compliance with the Civil Rules when a party attacks the constitutionality of a statute and held that requirement is jurisdictional. Cicco at syllabus. The current version of R.C. 2721.12(A) closely parallels the Ohio Supreme Court's decision in Cicco, emphasizing the importance of involving the Attorney General in actions challenging the constitutionality of the laws of this state. Coppersmith at 147.
 {¶ 34} According to the terms of the statute, R.C. 2721.12 applies when a party is seeking some sort of declaratory relief. However, when, as in the present case, the constitutional challenge is raised in a civil action seeking monetary relief rather than in a declaratory judgment action, the statute still applies. George Shima Buick at 1212; see alsoCoppersmith.
 {¶ 35} "Each time a party legally challenges the constitutionality of a state statute, the party is, in essence, requesting the court to enter a declaratory judgment that the statute is unconstitutional. Even if the challenge is not initially raised in a `complaint for declaratory judgment' pursuant to R.C. 2721.12, the court must enter a formal judgment deciding the issue of constitutionality regardless of when the issue is raised. Such a decision is, in fact, a declaratory judgment." Id.
 {¶ 36} In this case, Nasser never notified the Attorney General of his constitutional challenge to R.C. 2305.16 in any way. Accordingly, it does not matter that he failed to raise that challenge in his complaint, as Cicco requires, or whether raising the challenge at a later stage, in this case in his opposition to appellees' motion for summary judgment, is proper under R.C. 2721.12(A). Because of Nasser's failure to serve the Attorney General in accordance with R.C. 2721.12(A) and Cicco, the Attorney General was never given the opportunity to decide whether or not to defend the constitutionality of R.C. 2305.16 in this case. Thus, this court does not have subject matter jurisdiction to determine Nasser's facial challenge to that statute's constitutionality.
 {¶ 37} I disagree with the majority because even though Nasser calls his attack upon R.C. 2305.16 an attack on its application to the facts of this case, he is actually attacking the constitutionality of that statute on its face. An attack on the constitutionality of the application of a statute assumes the statute is constitutional on its face and argues its interpretation is flawed. The Ohio Supreme Court explained the distinction between an attack on the facial constitutionality of a statute and the constitutionality of the application of a statute inCicco and Taft.
 {¶ 38} In Taft, the Ohio Supreme Court held it was proper for a trial court to consider whether the interpretation of a statute was constitutional if the Attorney General was not notified of the suit, but improper to consider whether the statute was unconstitutional on its face. In Cicco, the court noted that in Taft it affirmed the trial court's decision because it "limited its declaration to the application of the statutes". Id. at 100. The obvious conclusion is that, for the purposes of 2721.12(A), the constitutionality of a statute "as applied" deals with statutory interpretation of an otherwise facially constitutional statute. Both Nasser's brief and the majority's opinion ignore this distinction and, thus, have circumvented the purpose of R.C.2721.12(A). When a party can merely say a statute is "unconstitutional as applied" rather than actually making that argument and still receive a review of their constitutional challenge, what is the point of the continued existence of R.C. 2721.12(A)?
 {¶ 39} As each of Nasser's assignments of error challenge the constitutionality of R.C. 2305.16, I would overrule those assignments of error and affirm the trial court's decision.