[Cite as *State v. Payson*, 2018-Ohio-1946.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO (CITY OF HUBER HEIGHTS) | : | |
| | : | |
| | : | Appellate Case No. 27608 |
| *Plaintiff-Appellant* | : | |
| | : | Trial Court Case No. 2017-CRB-163E |
| v. | : | |
| | : | (Criminal Appeal from Municipal Court) |
| FRANK M. PAYSON | : | |
| | : | |
| *Defendant-Appellee* | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of May, 2018.

. . . . . . . . . . .

L. MICHAEL BLY, Atty. Reg. No. 0042074, GERALD L. MCDONALD, Atty. Reg. No. 0078525 and MICHELLE T. SUNDGAARD, Atty. Reg. No. 0096006, 2700 Kettering Tower, 4 North Main Street, Dayton, Ohio 45423
        Attorneys for Plaintiff-Appellant

FRANK M. PAYSON, 120 West Second Street, Suite 400, Dayton, Ohio 45402
        Defendant-Appellee-Pro Se

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant the City of Huber Heights appeals from a judgment of the Montgomery County Municipal Court dismissing its criminal complaint against defendant-appellee, Frank Payson. The City contends that the trial court erred by determining that Section 505.11 of the City's Ordinances is unconstitutionally vague. The City further contends that even if the statute is unconstitutional, it does not affect the constitutionality of Section 505.01(a) which is the provision that Payson allegedly violated. For the reasons set forth below, we agree. Accordingly, the judgment of the trial court is reversed and remanded for further proceedings.

## I. Facts and Procedural History

{¶ 2} On January 25, 2017, Huber Heights Police Sergeant C. Taylor responded to a complaint regarding persons feeding stray cats on the premises of the Kettering Health Network Huber Health Center located at 8701 Old Troy Pike. When he arrived at the location, Taylor observed Payson and his wife feeding cats. After speaking with Payson, Taylor issued him a citation for violating Huber Heights Code (hereinafter "the Code") Section 505.01(a), a minor misdemeanor. That section provides in relevant part as follows:

**DOGS, CATS AND OTHER ANIMALS RUNNING AT LARGE.**

(a) No person shall knowingly or negligently allow any dog, cat or other animal owned or kept by such person to run at large upon any public way or the property of another.

{¶ 3} Payson, an attorney, appeared on his own behalf for arraignment and

entered a plea of not guilty. A trial date was set for April 28, 2017. On April 13, 2017, Payson filed a motion to suppress. On April 20, 2017, he filed a motion to dismiss the complaint contending that the City violated his due process rights. He argued that because this was his first offense, Section 505.01 of the Code required that he be issued a warning rather than a citation. On April 24, 2017, Payson filed a motion for declaratory judgment seeking a determination that Section 505.11 of the Code is void for vagueness.

{¶ 4} On April 28, 2017, the parties appeared before the court. At that time, the court indicated that it would rule upon the various motions prior to starting the trial. Following testimony from Sandy Payson and Sergeant Taylor, the trial court overruled the motion to suppress. The trial court then heard arguments regarding the motion to dismiss and the motion for declaratory judgment.

{¶ 5} Payson argued that Code Section 505.11, which he asserts is the "definitional statute of owner/harborer" for purposes of Section 505.01, is void for vagueness. Section 505.11 provides as follows:

**PRESUMPTION OF ANIMAL OWNER, KEEPER OR HARBORER.**

A person shall be presumed to be the owner, keeper or harborer of an animal if such person does any of the following:

(a) Knowingly allows any animal to remain upon his property for more than twenty-four hours;

(b) Knowingly or recklessly feeds such animal food or water on a regular basis for more than twenty-four hours;

(c) Knowingly restrains such animal from leaving his property for more than twenty-four hours; or

(d) Knowingly accepts responsibility to care for another person's animal.

**{¶ 6}** Payson first argued that the term "twenty-four hours" is unclear as it can mean "actual time, in other words consistent 24-hour period feeding" or feeding an animal every twenty-four hours. He also argued that subsections (a) and (b) must be read together and thus, the animal must be fed for more than twenty-fours while on the offender's property in order to render the offender an owner or harborer. Payson's oral argument was confined to the claim that Section 505.11 of the Code is unconstitutional.

**{¶ 7}** The City argued that Section 505.11 creates a presumption of ownership if any of the four subsections apply, and that each of the subsections are to be read as separate and distinct bases for finding an offender is an owner, keeper or harborer. The City further argued that the twenty-four hour provision is clear and unambiguous.

**{¶ 8}** At the conclusion of the oral arguments, the trial court made the following ruling:

THE COURT: Okay. Basically I'm going to consider this motion for declaratory judgment as a motion for to [sic] dismiss based upon the fact that it's unconstitutionally void – or vague, excuse me, and therefore void. The Court finds Mr. Payson's arguments telling and we are going to grant his motion to dismiss in this matter and recommend that they restructure the statute to make it clearer as to what they're trying to do. So that resolves this issue.

**{¶ 9}** On the same date, the trial court issued the following decision and entry granting the motion to dismiss:

The Court considers the Defendant's Motion for a Declaratory Judgment as

a Motion to Dismiss due to the vagueness of the ordinance. The Court has carefully considered the arguments of Counsel in reaching this decision.

{¶ 10} The City appeals.

## II. Constitutional Consideration Premature.

{¶ 11} Huber Heights asserts the following for its first assignment of error:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT'S MOTION FOR DECLARATORY JUDGMENT AS A MOTION TO DISMISS DUE TO THE VAGUENESS OF THE ORDINANCE BECAUSE DEFENDANT PAYSON'S MOTION ARGUES THE VAGUENESS OF SECTION 505.11 RATHER THAN THE SECTION HE WAS CITED FOR, WHICH IS SECTION 505.01(a).

{¶ 12} The City contends that the trial court erred by dismissing its complaint against Payson. In support, the City argues that application of Section 505.11 of the Code was unnecessary to a resolution of whether Payson violated Section 505.01, and that the trial court, therefore, acted prematurely in determining the constitutionality of Section 505.11. Conversely, Payson contends that Section 505.11 defines who is an owner, keeper or harborer of an animal, and, accordingly, controls any determination under Section 505.01(a).

{¶ 13} Initially, we note that Payson claims the trial court found both Section 505.01 and Section 505.11 of the Code unconstitutionally vague. But, as noted by the City, the trial court did not make a specific finding regarding which ordinance section or sections it found unconstitutional. However, the trial court's ruling on the record refers to "statute"

in the singular and its judgment entry refers to "ordinance" in the singular, indicating that it found only one Code section unconstitutional. Further, Section 505.11 is the only Code section that was addressed by Payson's written motion and oral argument. Thus, we will proceed under the assumption that the trial court found Section 505.11 unconstitutional.

{¶ 14} We begin with an examination of Section 505.01(a). The words "owned" and "kept" set forth in that section are not defined, and the ordinance does not make reference to any definitional source.[1] "When a statute does not define a relevant term, as is the case here, a court must look to its common, ordinary meaning." *Cincinnati Metro. Hous. Auth. v. Edwards*, 174 Ohio App.3d 174, 2007-Ohio-6867, 881 N.E.2d 325, ¶ 19 (1st Dist.). "This may include the use of dictionary definitions." *Id.* Ohio case law has defined "[a] 'keeper' as the person who has physical care or charge of [an animal]." *Buettner v. Beasley*, 8th Dist. Cuyahoga No. 83271, 2004-Ohio-1909, at ¶ 14. Additionally, "[k]eepership has a proprietary or dominion aspect, and involves the exercise of some degree of management, possession, care, custody or control over the [animal]." *Godsey v. Franz*, 6th Dist. Williams No. 91WM8, 1992 WL 48532, *3 (Mar. 13, 1992) (citations omitted). A "keeper" is also defined as "one that keeps," while "keeps" is defined, in part, as "to watch over and defend," "to take care of * * * tend * * * or support," and "to cause to remain in a given place or situation." *Webster's Ninth New Collegiate Dictionary*, 658 (1988).

{¶ 15} Section 505.11 is not, as Payson claims, definitional. Instead, it is a presumptive ordinance. "A presumption is a rule of law, statutory or judicial, by which

---

[1] There is no dispute in this case that Payson is not the owner of the subject cats. Instead, the issue is whether he may be considered a "keeper."

[the] finding of a basic fact gives rise to existence of [a] presumed fact, until [such] presumption is rebutted." *Black's Law Dictionary*, 617 (Abr. 5th Ed. 1983). In other words, the presumptions contained in Section 505.11 are intended to supply facts in the absence of other direct proof of ownership or keepership. Thus, if the basic facts set forth in Section 505.11 are established, it can be presumed that Payson is the owner or keeper of the subject cats.[2] But, Section 505.11 does not purport to limit the definition of the terms "owned" or "kept" that are found in Section 505.01(a). Nor does Section 505.01(a) state that a finding under Section 505.11 is necessary to a resolution of whether a violation has occurred. Therefore, it is possible that the City may prove the underlying statutory offense without reliance upon the presumptive statute.

{¶ 16} In this record, there appears to be evidence that Payson fed the cats located on the medical clinic property on a regular basis. There is further evidence that he may have placed habitats for the cats to shelter in around the property. Additionally, in his motion for declaratory judgment, Payson states that it is "the avowed mission of Have a Heart Animal Rescue to take care of [these] cats until a rescue or removal can be attempted and accomplished."[3] This evidence, if proven, could support a finding that Payson meets the above-cited definitions of keeper without the necessity of relying on the presumptions set forth in Section 505.11. However, such a finding is necessarily fact-sensitive, and as such, is for the trial court to determine.

{¶ 17} In Ohio, there is a strong presumption in favor of the constitutionality of

---

[2] We do not address the issue of whether the presumption contained in Section 505.11 is mandatory or rebuttable.

[3] Have A Heart Animal Rescue is a "faith based animal rescue organization" operated by the Paysons.

statutes and ordinances. *State v. Anderson*, 57 Ohio St.3d 168, 566 N.E.2d 1224 (1991); *State v. Bertke*, 1st Dist. Hamilton No. C–870524, 1988 WL 83491 (Aug. 10, 1988). Further, "Ohio law abounds with precedent to the effect that constitutional issues should not be decided unless absolutely necessary." *Ohioans for Fair Representation, Inc. v. Taft*, 67 Ohio St.3d 180, 183, 616 N.E.2d 905 (1993), quoting *Hall China Co. v. Pub. Util. Comm.*, 50 Ohio St.2d 206, 210, 364 N.E.2d 852 (1977). Since a determination of whether Payson violated Section 505.01(a) is not dependent upon the presumptions contained in Section 505.11, the trial court acted prematurely in determining the constitutionality of 505.11. Instead, the trial court should not have rendered a finding regarding constitutionality unless it became necessary for the use of the presumptive statute to prove Payson's status as a keeper.

{¶ 18} We find the City's argument well-taken. Accordingly, the first assignment of error is sustained.

### III. Second Assignment of Error Rendered Moot.

{¶ 19} The City's second assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT'S MOTION FOR DECLARATORY JUDGMENT AS A MOTION TO DISMISS DUE TO THE VAGUENESS OF THE ORDINANCE BECAUSE THE TRIAL COURT DID NOT SPECIFY WHICH SECTION OF THE ORDINANCE WAS VAGUE.

{¶ 20} The City contends that the trial court's decision must be reversed because it failed to conform to the dictates of Crim.R. 48(B), Montgomery County Municipal Court

Local Rule 8 and Crim.R. 12(D). Given our disposition of the first assignment of error, we conclude that this assignment of error has been rendered moot.

{¶ 21} Accordingly, the second assignment of error is overruled as moot.

## IV. Conclusion

{¶ 22} The first assignment of error being sustained, and the second assignment of error being overruled as moot, the judgment of the trial court is reversed and remanded for further proceedings.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.


Copies mailed to:

L. Michael Bly
Gerald L. McDonald
Michelle T. Sundgaard
Frank M. Payson
Hon. James D. Piergies